**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW MEXICO**

JOSE SEGOVIA and
JESUS SEGOVIA,

        Plaintiffs,

  vs.                                       No. CIV 23-763 GJF/DLM

UNITED STATES OF AMERICA,

        Defendant.

## <u>MEMORANDUM OPINION AND ORDER</u>

This matter is before the Court on Defendant's *Opposed Motion to Extend Motion in Limine Deadline* [Dkt. No. 123], which is now fully briefed. *See* Dkt. Nos. 129 and 132. After reviewing the briefs and the law, the Court concludes that the motion is not well taken and should be denied.

## <u>BACKGROUND</u>

On December 10, 2025, the Court entered its Order [Dkt. No. 107] setting the March 16, 2026, bench trial and associated deadlines, including a January 30, 2026, deadline for motions in limine. On February 6, 2026, one week after the motion in limine deadline had passed, Defendant filed its motion asking for a two-week extension of the deadline to file motions in limine until February 13, 2026. As grounds for the motion, defense counsel states that they are new to the case, having been assigned to it around December 8, 2025, after previous counsel left the U.S. Attorney's Office. Dkt. No. 123. For the first time in its reply [Dkt. No. 132], Defendant states that it wishes to file a motion in limine to exclude Plaintiffs' expert witness, Dr. Matthew Budway, on the grounds that Plaintiffs' expert witness disclosures are inadequate. In particular, Defendant argues that Plaintiffs have not fully disclosed Dr. Budway's prior testimony or his anticipated

testimony in this case. *Id.* at 4. According to the reply, Plaintiffs made those disclosures on August 5, 2024, and May 30, 2025. Dkt. No. 132 at 3-4. Other than personnel turnover among its counsel, Defendant offers no explanation for waiting until this late date to raise the issue of inadequate expert witness disclosure.

In their response in opposition [Dkt. No. 129], Plaintiffs argue that Defendant has failed to show good cause to extend the motion in limine deadline. Plaintiffs point out that they disclosed their medical experts 18 months ago (giving Defendant ample time to raise any concerns about the disclosures), and the motion is not based on any newly discovered evidence. They contend that the substitution of new counsel does not constitute good cause to modify the pretrial order under Rule 16. They also note that Defendant did manage to file two other motions in limine by the January 30, 2026, deadline, which demonstrates that Defendant was aware of the deadline. Plaintiffs further argue that Defendant failed to request the extension until after the deadline had already expired, thereby requiring a showing of excusable neglect in accordance with Rule 6(b)(1)(B). Plaintiffs contend that Defendant has failed to meet that standard as well.

## <u>DISCUSSION</u>

Here, Defendant has known about any deficiencies in Plaintiffs' expert disclosures since they were made 18 months ago, yet it did not bring the issue before the Court until now, after the deadline for motions in limine has passed. Defendant does not explain why prior counsel did not raise the issue or at the very least alert Defendant's current counsel to the need to file a motion objecting to the allegedly inadequate expert disclosure. Simply stated, Defendant has not shown due diligence or excusable neglect. Indeed, courts have often found that "[a] change in legal strategy or the errors of past counsel do not equate to due diligence" in the context of establishing good cause or excusable neglect necessary to extend an expired scheduling order deadline." *Sexton*

*v. Bankers Std. Ins. Co*., 2025 SL 3294701 at \*3 (D. Kan Nov. 26, 2025) (citation and quotation omitted). *See also Thornton v. Collier*, No. 05-cv-01103-WYD-BNB, 2007 WL 2491848, at \*2 (D. Colo. Aug. 29, 2007) (denying a party's request to belatedly file a motion for summary judgment following retention of new counsel).

Denial of the motion is without prejudice, however, to Defendant's right to object to admission of the testimony at trial if it has reasonable grounds to do so under the Federal Rules of Civil Procedure or the Federal Rules of Evidence.

**IT IS THEREFORE ORDERED** that Defendant's *Opposed Motion to Extend Motion in Limine Deadline* [Dkt. No. 123] is **DENIED.**

THE HONORABLE GREGORY J. FOURATT
UNITED STATES MAGISTRATE JUDGE
*Presiding by Consent*